STATE OF MAINE  SUPERIOR COURT
ANDROSCOGGIN, ss.  DOCKET NO. RE-16-003



WELLS FARGO BANK, N.A., AS )
TRUSTEE FOR AEGIS ASSET )
BACKED SECURITIES TRUST )
MORTGAGE PASS-THROUGH )
CERTIFICATES, SERIES 2004-4 )
)
   Plaintiff, ) ORDER ON PLAINTIFF'S
) MOTION FOR DEFAULT
 v. ) JUDGMENT

RECEIVED & FILED

AEGIS MORTGAGE )
CORPORATION, SUCCESSOR BY ) **SEP 2 8 2016**
MERGER TO AEGIS LENDING )
CORPORATION, BRYAN )ANDROSCOGGIN
LAMBERT, AND STEPHANIE )SUPERIOR COURT
LAMBERT )
)
   Defendants. )

Plaintiff Wells Fargo Bank, N.A., as Trustee for Aegis Asset Backed Securities Trust Mortgage Pass-Through Certificates, Series 2004-4 ("Wells Fargo"), moves for default judgment against defendants Aegis Mortgage Corporation, Successor by Merger to Aegis Lending Corporation, Bryan Lambert, and Stephanie Lambert related to their rights on a note and mortgage. The court has reviewed the parties' filings, and based on the following, Wells Fargo's motion is denied.

I. Factual and Procedural Background

On June 30, 2004, Bryan Lambert and Stephanie Lambert executed a promissory note in the amount of $98,000 to Aegis Lending Corporation ("ALC"). (Pl.'s Complaint ¶ 6, Ex. A.) On the same date, they signed a mortgage on property in Auburn, Maine to secure the note. (*Id.* ¶ 7, Ex. B.) The mortgage listed ALC as the lender of the $98,000 and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for the lender and the lender's successors and assigns. (*Id.*)

On March 30, 2012, ALC merged with and into Aegis Mortgage Corporation ("AMC"). (*Id.* ¶ 9, Ex. D.) On June 25, 2014, MERS assigned "all beneficial interest" under the June 30, 2004 mortgage from ALC to Wells Fargo. (*Id.* ¶ 8, Ex. C.)

On January 6, 2016, Wells Fargo filed a complaint for declaratory judgment pursuant to 14 M.R.S.A. § 5951 *et seq.* Wells Fargo asserts that it is the owner of all rights in the note and mortgage. Wells Fargo further asserts that those who have a claim or any interest that would be affected by the declaration have been made parties to the action. (Pl.'s Complaint ¶ 17.) AMC was served a summons and complaint on February 5, 2016, and both Bryan Lambert and Stephanie Lambert were served on February 9, 2016. (Pl.'s Mot. Default J. ¶ 1-3.) AMC, Bryan Lambert and Stephanie Lambert have failed to answer or otherwise appear in this action. (*Id.* ¶ 4.) Wells Fargo alleges that MERS transferred all of its interest in the mortgage to Wells Fargo on June 25, 2014 (recorded on July 1, 2014; Pl.'s Complaint ¶ 8, 14.) Accordingly, Wells Fargo asserts that the purpose of the relief sought is to establish its ability to enforce the mortgage through foreclosure. (Pl.'s Mot. Default J. ¶ 6.)

II. Discussion

The Maine Supreme Court has set forth eight elements of proof necessary to support a judgment of foreclosure. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. The default judgment sought here addresses the second element, which is that a party must properly present proof of ownership of the mortgage and note, including all assignments and endorsements. *Id.*

Wells Fargo has submitted the original affidavit of service demonstrating that a responsible officer of ALC was served with notice of this action on February 5, 2016. Wells Fargo has also presented original affidavits of service that both Stephanie

Lambert and Bryan Lambert were personally served on February 9, 2016 at a private residence in Massachusetts. These documents demonstrate compliance with the sixth element of foreclosure that notice has been properly served as required under *Greenleaf* (*Id.*) Wells Fargo has also submitted documentation describing the military status of Stephanie and Bryan, which is required if the homeowner has not appeared in the proceeding, according to the eighth element of foreclosure required under *Greenleaf.* (*Id.*)

However, as a threshold issue, courts can only decide cases where there is a real and substantial, justiciable controversy. *Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶ 16, 122 A.3d 947. Maine's Declaratory Judgments Act empowers the court to declare rights, status and other legal relations when doing so will terminate the controversy or remove an uncertainty. 14 M.R.S. §§ 5953, 5957. Here, there is only tenuous evidence that any actual controversy exists between the litigants. None of the named defendants has answered or otherwise appeared in this action. (Pl.'s Mot. Default J. ¶ 4.)

Wells Fargo asserts that AMC is unwilling or unable to execute a recordable instrument confirming its intent that MERS had the authority to transfer the full interest in the mortgage. This assertion, however, is not supported by reference to any documentation that has been submitted to the court. (*Id.* ¶ 7.) Absent this showing, the court may refuse to render or enter a declaratory judgment. *See Fannie Mae v. America's Wholesale Lender*, No. RE-15-068, 2016 Me. Super. LEXIS 37, at *4-5 (Mar. 1, 2016.)

Even if Wells Fargo satisfies its burden to show there is a justiciable controversy, when declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties to the action. *Id.* at *2; *See Bank of Am., N.A. v. Metro Mortg. Co.*, No. RE-14-355, 2015 Me. Super. LEXIS 14, at *3 (Jan. 29,

2015.) In this case, MERS, who Wells Fargo alleges transferred its interest in the mortgage, (Pl.'s Complaint ¶ 14), has not been named as a party. Were the court to grant the requested default judgment, uncertainty as to ownership of the mortgage remains outstanding. *Fannie Mae*, 2016 Me. Super. LEXIS 37, at *3.

Lastly, in matters involving mortgage foreclosure, procedural rules must be followed, and the court is authorized to conduct a hearing if it deems it necessary and proper to hear evidence as to the truth of any averment. *Id*. Here, the court has no evidence, other than the statement made by Wells Fargo itself, that AMC is unwilling or unable to confirm its intent to give MERS the authority to transfer the mortgage's interest. (Pl.'s Mot. Default J. ¶ 7.) Therefore, at present the court has insufficient evidence to say that this case contains a substantial, justiciable controversy that would empower the court to declare Wells Fargo's rights.

III. Conclusion

Plaintiff Wells Fargo's motion for default judgment is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 9/28/16

MaryGay Kennedy
Justice, Superior Court